**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN SCOTT, | ) | CASE NO. 1:12-cv-03074 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| GIANT EAGLE, INC., *et al.*, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |

### I.  Procedural Background

Plaintiff John Scott (hereinafter "Plaintiff") filed a Complaint in the Cuyahoga County

Court of Common Pleas, alleging a violation of his civil rights under 42 U.S.C. § 1983 together

with numerous state law claims against Giant Eagle, Inc., City of Berea, Berea Police

Department, and City of Berea Police Department.[1]  (ECF No. 1-1, Exh. A.)  On December 19,

2012, Defendants filed a Notice of Removal.  (ECF No. 1.)

On December 20, 2012, Defendants filed a Motion to Dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6).  (ECF No. 4.)  Plaintiff failed to file a timely brief in opposition.

Nonetheless, after a Case Management Conference held on March 19, 2013, the Court permitted

---

[1]  On March 14, 2013, Defendant Giant Eagle, Inc. was dismissed from this action with
prejudice pursuant to a joint stipulation of dismissal.  (ECF Nos. 14 & 17.)   All
references hereafter to "Defendants" includes only the Berea Defendants.

Plaintiff to file a brief in opposition on March 28, 2013.  (ECF Nos. 23-25.)  Defendants filed their reply on April 4, 2013.  (ECF No. 26.)

## II.  Civil Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Well-pleaded allegations must be taken as true and construed most favorably toward the non-moving party.  *See, e.g., Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[, as] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Although a court may not grant a Rule 12(b)(6) motion based on its disbelief of the factual allegations contained in the complaint, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), a court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must appear 'plausible' on its face, if all of its factual allegations are assumed to be true."  *Alli v. City of New York*, 2012 WL 4887745 (S.D.N.Y. Oct. 12, 2012) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 560–70.  Consequently, a claim should not be dismissed unless it is unsupported by the law or the facts alleged are insufficient.

When ruling on motions to dismiss, a Court should normally look no further than the complaint, but "[d]ocuments that a defendant attaches to a motion to dismiss are considered part

2

of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's]

claim." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6ᵗʰ Cir.1997) (citations omitted).

### III.  Factual Allegations

The Complaint contains few *factual* allegations.  It appears that an event involving

Plaintiffs and Defendants transpired on or about November 12, 2010 at 50 West Bridge Street,

Berea, Ohio.  (ECF No. 1-1 at ¶3.)  This unidentified event serves as the basis of Plaintiff's

claims.  As this Court understands the Complaint, Plaintiff alleges a violation of his rights under

42 U.S.C. § 1983, a state law claim alleging abuse of process and/or malicious prosecution, and

negligent and/or intentional infliction of emotional distress – all stemming from the event on

November 12, 2010.  (ECF No. 1-1.)  The Complaint also contains numerous legal conclusions.

It states that Defendants acted with deliberate indifference and that the wrongful accusation

and/or malicious prosecution stem from Defendants' failure to adopt appropriate policies,

customs, practices, or procedures and/or condoning policies, customs, practices, or procedures

that result in constitutional deprivations.  (ECF No. 1-1 at ¶¶3-5.)

### IV.  Analysis

**A.  Civil Rights Action Pursuant to § 1983**

Defendants assert that Plaintiff's § 1983 claim should be dismissed because a municipality

cannot be held liable under the theory of respondeat superior.  (ECF No. 4 at 4-5.)  Defendants

are correct that § 1983 "does not permit a plaintiff to sue a local government entity on the theory

of respondeat superior." *Gregory v. City of Louisville*, 444 F.3d 725,  752-753 (6ᵗʰ Cir. 2006);

*see also Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 692 (1978) ("[§1983]

cannot be easily read to impose liability vicariously on governing bodies solely on the basis of

3

the existence of an employer-employee relationship with a tortfeasor.") Therefore, Plaintiff

cannot maintain an action against Defendants due solely to the actions of its employees, as "[a]

plaintiff may only hold a local government entity liable under § 1983 for the entity's own

wrongdoing." *Id*. The Sixth Circuit has explained that a local government entity, such as the

City of Berea, violates § 1983 where its "official policy or custom actually serves to deprive an

individual of his or her constitutional rights." *Id*.

> A city's custom or policy can be unconstitutional in two ways: 1) facially
> unconstitutional as written or articulated, or 2) facially constitutional but
> consistently implemented to result in constitutional violations with explicit or
> implicit ratification by city policymakers. *Id*. Where the identified policy is itself
> facially lawful, the plaintiff "must demonstrate that the municipal action was
> taken with 'deliberate indifference' as to its known or obvious consequences. A
> showing of simple or even heightened negligence will not suffice." *Bd. of
> County Comm'rs v. Brown*, 520 U.S. 397, 407, 117 S. Ct. 1382, 137 L. Ed. 2d
> 626 (1997) (quoting *Harris*, 489 U.S. at 388 (1989)). "Deliberate indifference is
> a stringent standard of fault, requiring proof that a municipal actor disregarded a
> known or obvious consequence of his action." *Brown*, 520 U.S. at 410. In other
> words, the risk of a constitutional violation arising as a result of the inadequacies
> in the municipal policy must be "plainly obvious." *Id*. at 412; *see also Stemler v.
> City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997).

*Gregory*, 444 F.3d at 752-753. Therefore, "'municipal liability under § 1983 attaches where --

and only where -- a deliberate choice to follow a course of action is made from among various

alternatives' by city policymakers." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (citing

*Pembaur v. Cincinnati*, 475 U.S. 469, 483-484 (1986); *Oklahoma City v. Tuttle*, 471 U.S. 808,

823 (1985)); *King v. Marion County Sheriff's Dep't*, 2010 U.S. Dist. LEXIS 64205 (E.D. Tenn.

June 28, 2010) ("Plaintiffs must identify the policy, connect the policy to the county itself, and

show the particular injury was incurred because of the execution of that policy.")

Here, Plaintiff has not identified any policy or custom connected to the city itself. As

explained by the Supreme Court in *Twombly*, bare legal conclusions are not enough:

4

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")

*Twombly*, 550 U.S. at 555.  Plaintiff's Complaint is vague and devoid of factual allegations, but replete with legal conclusions.  The complaint is so bare-boned, that, *based on it alone*, the Court is left to guess as to what allegedly transpired on the date in question.  As such, the Complaint cannot be construed as setting forth a "plausible" claim.  As stated in *Twombly*, since the Plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."  550 U.S. at 547; *Iqbal*, 129 S.Ct. at 1949 (finding that a complaint must contain sufficient factual matter that, if accepted as true, states a claim that is plausible on its face).  During a case management conference with the Court, Plaintiff's counsel indicated that Plaintiff was wrongfully accused of shoplifting at a Giant Eagle grocery store, and arrested.  Plaintiff's brief in opposition attempts to cure deficiencies in the Complaint by attaching an affidavit from Plaintiff, wherein he asserts that a Berea police officer reviewed a security tape from Giant Eagle, which did not show him taking missing tickets to a local event.  (ECF No. 25-1.)  Plaintiff also avers that an employee, who he believes lost the tickets, could not identify him as having taken them.  *Id.*  Nonetheless, Plaintiff received a notice in the mail that he was being charged for petty theft and/or shoplifting.  *Id.*  Notably, none of these

5

allegations are contained in the Complaint, and a court should look no further than the complaint

when addressing whether a claim has been sufficiently pled.  Plaintiff failed to properly allege

sufficient facts that, if accepted as true, could plausibly show a violation of a right secured by

the Constitution and laws of the United States.  *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988);

*Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) ("Section 1983 is not the

source of any substantive right, but merely provides a method for vindicating federal rights

elsewhere conferred."); *Walters v. NaphCare, Inc.*, 2010 WL 1390383 at *6 (S.D. Ohio Mar. 31,

2010) ("[I]t is axiomatic that a § 1983 plaintiff's complaint must reveal which of his 'rights,

privileges, or immunities secured by the Constitution and laws' were denied, who was

responsible, and, in basic terms, how that deprivation came about.")

Defendants argue that Plaintiff has also failed to sufficiently allege a policy, practice or

custom, or a single other instance of potential misconduct.  (ECF No. 4 at 4.)  Plaintiff counters

that it would be unreasonable for him to plead more specifically as to the City of Berea's policy,

or lack thereof, regarding training without the benefit of discovery.  (ECF No. 25 at 4.)  Similar

arguments have been rejected by other courts in the Sixth Circuit.  In *Hutchison v. Metro. Gov't*

*of Nashville & Davidson, Cnty.*, 685 F. Supp. 2d 747, 749 (M.D. Tenn. 2010), the defendant

argued that the plaintiff failed to state a viable claim for municipal liability under § 1983

because the complaint, as in the case at bar, merely recited the elements of a municipal liability

claim without pleading additional facts.  The plaintiff responded that his claim – that the police

officer's conduct resulted from a custom, policy or practice of the defendant – was sufficient to

withstand a motion to dismiss.  *Id*.  The *Hutchison* court, while acknowledging it was troubled

by the application of *Iqbal* in the context of § 1983 municipal liability claims, nevertheless,

found plaintiff's assertion – that defendant municipality failed to adequately train its officers in stopping vehicles and/or ordering passengers out of those vehicles – was insufficient where there was no additional factual support the complaint. *See also Cunningham v. Cleveland Police Dep't*, 2010 U.S. Dist. LEXIS 140335 at **16-17 (N.D. Ohio, Dec. 22, 2010) (although plaintiff argued that he would provide proof of the municipality's unconstitutional policy at trial, the court found that the lack of factual allegations in the complaint describing a specific custom or policy was insufficient to show a plausible claim under *Twombly* and *Iqbal*); *Ghaster v. City of Rocky River*, 2010 WL 2802685 at *7 (N.D. Ohio May 12, 2010) ("Plaintiffs fail to identify what City policy or practice was in violation of *Monell*. Plaintiffs argue, without citation to law, that they are not required to do so. However, the recent Supreme Court case of [*Iqbal*] makes clear that Plaintiffs are in fact required to identify the practice or policy that forms the basis of their claim.") report and recommendation adopted as modified, 2010 WL 2802682 (N.D. Ohio July 13, 2010); *Wooten v. Spigner*, 2011 WL 5075692 (E.D. Mich. Sept. 8, 2011) report and recommendation adopted, 2011 WL 5075713 (E.D. Mich. Oct. 25, 2011).

Although this Court shares the reservations of the *Hutchison* court that applying *Iqbal* too strictly in situations where knowledge of a custom, policy, or practice is unobtainable absent some preliminary discovery could lead to unfair results, the case at bar does not give rise to such a situation. Here, Plaintiff's allegations are even more perfunctory than in the above cited cases, as the underlying violation of a right secured by the Constitution is inadequately plead. While the Court is mindful of the fact that Plaintiff filed this action in state court, where the pleadings standards are less stringent than under *Twombly* and *Iqbal*, Defendants' removal of this action to this Court was certainly foreseeable where an alleged violation of § 1983 action

7

was expressly stated.  Furthermore, Federal Rule of Civil Procedure permits amending as a

matter of course where a Rule 12(b)(6) has been filed.  Rule 15 reads as follows:

> (a) Amendments Before Trial.
>
>   (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
>     (A) 21 days after serving it, or
>
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

As Defendants filed their  motion to dismiss pursuant to Rule 12(b)(6) on December 20,

2012, Plaintiff had until January 10, 2013 to amend the pleadings.  Plaintiff did not do so.

Plaintiff had an opportunity to address any shortcomings in the Complaint resulting from

removal, but failed to take advantage of the opportunity within the allotted time frame.

For the reasons stated above, Defendants' motion to dismiss is granted as to Plaintiff's §

1983 claim, with prejudice.[2]

---

[2]  While some courts have dismissed complaints that fail to satisfy the pleading requirements of *Twombly* and *Iqbal* without prejudice, the Court finds that dismissal with prejudice is appropriate herein given that Plaintiff never formally sought leave to amend the complaint and filed his brief in opposition over two months after it was due.  *See, e.g., New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011) (upholding dismissal with prejudice where retailer failed to sufficiently allege causes of action under *Twombly* and *Iqbal*, and noting that plaintiff never sought leave to amend the complaint before the district court); *In re Shirk*, 437 B.R. 592, 603 (Bankr. S.D. Ohio 2010) (dismissing with prejudice claims that set forth mere conclusory allegations that fall short of the pleading requirements established by in *Twombly* and *Iqbal*); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, 3:10-0589, 2010 WL 3619790 (M.D. Tenn. Sept. 13, 2010) (dismissing with prejudice plaintiff's amended § 1983 action for failing to show a plausible right to relief under the *Iqbal* standard).

**B. Causes of Action Based on Ohio Law**

The Complaint also alleges claims based on Ohio law, which Plaintiff describes as (1) abuse of process and/or malicious prosecution, and (2) negligent and/or intentional infliction of emotional distress.  Defendants allege they are entitled to judgment as a matter of law because the City of Berea is a political subdivision and immune from liability under Ohio Revised Code ("O.R.C.") § 2744.02(A)(1).  (ECF No. 4 at 5.)

Plaintiff responds that § 1983 preempts O.R.C. § 2744.02(A)(1).  (ECF No. 25 at 5.)   As discussed above, the Complaint failed to sufficiently plead a § 1983 action.  As this Court understands Defendants' argument, O.R.C. § 2744.02(A)(1) immunizes them from the state law claims contained in the Complaint – not the § 1983 action.  Plaintiff's brief contains no argument as to whether his state law claims are viable in the face of  O.R.C. § 2744.02(A)(1), which reads as follows:

> (A) (1) For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

However, as explained by a federal court of the Southern Disrict of Ohio, O.R.C. § 2744.02(B) expressly provides five exceptions to the above quoted political subdivision immunity: "damage caused by the negligent operation of a motor vehicle [(B)(1)]; damage caused by negligent acts of a political subdivision's employees with respect to its proprietary functions [(B)(2)]; damage caused by failure to keep roads in repair or from failure to remove obstructions from public roads [(B)(3)]; damage or injury caused on the grounds of buildings used in connection with the performance of a governmental function, but not including jails

9

[(B)(4)]; and where civil liability is expressly imposed upon a political subdivision by the Revised Code [(B)(5)]." *Samples v Logan County*, Case No. C2-03-847, 2006 U.S. Dist. LEXIS 320 at \*\*36-37 (S.D. Ohio Jan. 6, 2006). None of these exceptions are applicable. The second exception, dealing with proprietary functions, is clearly inapplicable because, by definition, a proprietary function "involves activities that are customarily engaged in by nongovernmental persons." O.R.C. § 2744.01(G)(1)(b). The provision of police services, however, is clearly a governmental function, as expressly defined by statute: "A 'governmental function' includes, but is not limited to, the following: (a) The provision or nonprovision of police, fire, emergency medical, ambulance, and rescue services or protection...." O.R.C. § 2744.01(C)(2).[3]

There is no argument that the City of Berea is not a political subdivision.[4] In *Smith v. City of Akron*, a plaintiff alleged both intentional and negligent infliction of emotional distress against an Ohio municipality. 2010 U.S. Dist. LEXIS 107134 at \*\*15-16 (N.D. Ohio Oct. 6, 2010), *aff'd by* 476 Fed. Appx. 67 (6th Cir. 2012). The *Smith* court found that the municipality, a

---

[3] Although O.R.C. § 2744.02, sometimes called the Liability Act, has been challenged as unconstitutional, "the Sixth Circuit has found the Liability Act to be constitutional because a majority of the Supreme Court of Ohio has never held the statute unconstitutional and because Ohio's intermediate courts are unanimous in upholding the statute." *Spangler v. Wenninger*, 2008 U.S. Dist. LEXIS 86369 (S.D. Ohio Sept. 3, 2008), *citing Ellis v. Cleveland Mun. School Dist.*, 455 F.3d 690, 697 (6th Cir. 2006).

[4] Though the Complaint names the "City of Berea Police Department" and the "Berea Police Department" as defendants, they are not legal entities capable of being sued. *See, e.g., Yahnke v. Nixon*, 2010 WL 3420650 (N.D. Ohio Aug. 27, 2010) ("A county sheriff's office is not a legal entity capable of being sued ...); *Elkins v. Summit County*, 2008 WL 622038 (N.D.Ohio March 5, 2008) (recognizing that, in an action for a § 1983 violation and related state law violations, administrative units of a local government, such as a municipal police department, are not *sui juris* because they cannot be sued absent positive statutory authority and Ohio does not have such a law.); *accord Hicks v. City of Barberton*, 2011 WL 3022089 (N.D. Ohio July 22, 2011).

political subdivision, was immune from these claims because the asserted injuries all stem from the performance of *governmental* functions and none of the exceptions enumerated in § 2744.02(B) applied. *Id*. (emphasis added); *see also Fuller v. Cuyahoga Metro. Hous. Auth.*, 334 Fed. Appx. 732, 736-737 (6th Cir. 2009) (finding that "the district court correctly dismissed the intentional infliction of emotional distress claim against [a political subdivision] on the basis of its immunity under Ohio Political Subdivision Tort Liability Act, Ohio Rev. Code § 2744.02(A)(1)."); *Wilson v. Stark Cty. Dep't of Human Serv.*, 1994-Ohio-394, 70 Ohio St. 3d 450, 452, 639 N.E.2d 105, 107 (Ohio 1994) (finding there are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress under § 2744). As such, Plaintiff's claim of negligent and/or intentional infliction of emotional distress against the City of Berea fails to state an actionable claim under Ohio law due to the City of Berea's immunity.

Turning to Plaintiff's claims for malicious prosecution and/or abuse of process, one Ohio court has explained that "[u]nder R.C. 2744.02, political subdivisions are immune from intentional torts.... Since the city of Beachwood is a political subdivision under R.C. 2744.01(F), it is immune from appellant's claims of malicious prosecution, abuse of process, and intentional infliction of emotional distress because they are intentional torts." *Coleman v. Beachwood*, 2009-Ohio-5560 (Ohio Ct. App. Oct. 22, 2009) (citations omitted); *see also Moore v. Pielech*, 2011 U.S. Dist. LEXIS 36937 (S.D. Ohio Apr. 5, 2011) (granting defendants' motion for judgment on the pleadings on immunity grounds where plaintiff alleged malicious prosecution and abuse of process against a municipality); *cf. Vaughan v. City of Shaker Heights*, 2011 U.S. Dist. LEXIS 136208 (N.D. Ohio Aug. 30, 2011) (finding that a prosecutor, acting in his official capacity, is a political subdivision as defined by the Ohio Revised Code and is, therefore,

immune from the state law tort claim of malicious prosecution), *aff'd in part and rev'd in part by* 2013 U.S. App. LEXIS 3296 (6th Cir. Feb. 12, 2013).  Therefore, Plaintiff's claim of abuse of process and/or malicious prosecution against the City of Berea also fails to state a claim due to Defendants' immunity.

## IV.  Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 4) is GRANTED. Plaintiff's claims are hereby dismissed with prejudice.

IT IS SO ORDERED.

/s/ Greg White
U.S. Magistrate Judge

Date: May 2, 2013